IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GRAPHIC DESIGN MARKETING, INC.,

    Plaintiff,

vs.                                     Case No. 11-2033-JTM

CENTRAL STATES NOVELTY, L.L.C.,

    Defendants.

MEMORANDUM AND ORDER

On this 23rd day of February, 2011, the parties presented argument on the Motion for Preliminary Injunction of plaintiff Graphic Design Marketing (GDM). GDM, a manufacturer of novelty stickers, contends that the defendant Central States Novelty (CSN), formerly a distributor of GDM, has begun selling substitute stickers which violate GDM's copyright, constitute counterfeit labeling in violation of 18 U.S.C. § 2318(a)(1)(A)(vi) and (3)(1), and improperly copy GDM's trade dress in violation of § 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1). CSN denies GDM's allegations.

As stated at the conclusion of the hearing, the court grants GDM's motion. The court finds that both the Type 1[1] and Type 2 sticker headers violate GDM's copyright. The evidence shows

---

[1] In the present Order, "Type 1" refers to sticker package headers of the type illustrated in Plaintiff's Brief (Dkt. 5) at Fig. 3. "Type 2" refers to the sticker headers illustrated in Exhibit B to Defendant's Response. "Type 3" are the sticker headers illustrated in Exhibit C to Defendant's Response.

GDM has a proper copyright ownership interest in the genuine sticker headers, and that these sticker headers are substantially similarly to the genuine headers. The court also finds the sales of Type 1 stickers constitute counterfeit labeling. Finally, the court finds that the sales or distribution of Type 1 or Type 2 sticker headers constitutes improper copying of GDM's trade dress. The combination of distinctive font, color, and graphic display of the sticker headers, in combination with the similarly-themed rotating rack displays is distinctive, and the use of the Type 1 or Type 2 stickers will likely lead to consumer confusion.

Accordingly, CSN is hereby prohibited from any further distribution of any products with Type 1 or Type 2 headers. Further, CSN will issue a Recall Notice to retail outlets where it has placed stickers of these header types, directing the return of all such goods from retail outlets, and further notifying such retailers that further distribution of such goods may give rise to liability for contributory infringement.

The present injunction does not restrict the future distribution of products with Type 3 headers. Nor does the injunction prohibit CSN from replacing the header packaging of such recalled stickers, substituting Type 3 for Type 1 or Type 2. The court notes, however, that GDM has raised the possibility of future copyright claims with respect to the stickers themselves. Accordingly, if CSN engages in such repackaging, it shall make a photographic record each sticker type that is so repackaged, and submit copies of such records to GDM within ten days of the repackaging.

IT IS SO ORDERED this 23rd day of February, 2011.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE