IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

G*RAPHIC* D*ESIGN* M*ARKETING*, INC.,

    Plaintiff,

              vs.                    Case No. 11-2033-JTM

C*ENTRAL* S*TATES* N*OVELTY*, L.L.C,

    Defendant.

MEMORANDUM AND ORDER

The court has previously granted injunctive relief to plaintiff Graphic Design Marketing, which has alleged that vinyl stickers marketed by defendant Central States Novelty violate its copyright and trade dress rights. (Dkt. 26). The matter is now before the court on the defendant's Motion to Reconsider. (Dkt. 28).

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484

(10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

In support of its motion, Central States Novelty cites the recent ruling in *Graphic Design Marketing v. Xtreme Enterprises*, No. 11-C-0051 (E.D.Wisc. March 1, 2011), in which the court modified its earlier conclusions as to which of the various type of stickers violated GDM's copyright. In the course of that ruling, the court noted that the December 16, 2010 Certificate of Registration "applies only to the text of the GDM header (not the format, style, lettering, or layout)." *Id.* at 5 n. 2. In support of its conclusion, the court cited a December 20, 2010 email from a Copyright Registration Specialist to counsel stating that "the only copyrightable element is the text."[1] In its motion, Central States also presents the same e-mail as newly discovered evidence.

The court denies the motion to alter or amend, finding that the opinion of the Registration Specialist is not controlling here. The matter is essentially a restatement of Central States's previous argument (Dkt. 21, at 5) in opposition to the injunction that the use of additional, instructional text material in the headers is not controlling, because textual matter is not copyrightable unless it aids or augments an accompanying graphical illustration, citing *Ets-Hokin v. Skyy Spirits*, 225 F.3d 1068, 1080-81 (9th Cir. 2000).

This conclusion in *Ets-Hokin* was dicta because the court expressly noted that, under the facts of the case, "[w]e need not, however decide whether the label is copyrightable." 225 F.3d at 1081.. Further, the underlying cited authority is the Nimmers treatise on copyright, and that authority fails to support the defense invoked by Central States. As *Ets-Hokin* states, "'*short* phrases placed

---

[1]The court proceeded to conclude that headers titles and instructions of the Type 2 variety packaging were not protected by copyright, and that the package's bullet-list of features might not be copyrightable, although that was "a closer call." Slip op. at 7.

upon labels cannot claim copyright protection.'" 225 F.3d at 1181 n. 14 (quoting 1 Nimmer § 2.08[G][2], at 2-136) (emphasis added).

Certainly, the textual content of short advertising phrases is not copyrightable. *See Moody v. Morris*, 608 F.Supp.2d 575, 579 (S.D.N.Y. 2000) (holding that phrase "Where Words Come Alive" was subject to trademark and not copyright protection). But a label may be copyrighted where it contains "'an appreciable amount of original text.'" *Kitchens of Sara Lee, Inc. v. Nifty Foods Corp.* 266 F.2d 541, 544 (2nd Cir. 1959) (quoting Copyright Office Publication, No. 46, Sept. 1958). Thus in *Sadhu Singh Hamdad Trust v. Ajit Newspaper, Inc.*, 503 F.Supp.2d 577, 590 (E.D.N.Y. 2007), the court acknowledged that short phrases are generally not subject to copyright protection, but held that a jury question was presented by the use of the "Ajit" logo, given "the combination of bright red coloring with the modification of some of the lettering."

Here, however, the evidence established that defendant has copied not merely a short phrase, but an entire label with only the most minor of differences. The court finds that the plaintiff has successfully demonstrated the likelihood of showing an infringement.

Further, independent of the copyright claim, the court explicitly found in its Order that GDM was likely to succeed in its trade dress claim as to the Type 2 sticker headers, and none of the issues raised in Central States' motion affects this conclusion.

IT IS ACCORDINGLY ORDERED this 25th day of May , 2011, that defendant's Motion to Alter or Amend (Dkt. 28) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE